SLOAN, J.
This matter having come before the Court for Oral Argument on June 20, 2014. Appellant appeared through counsel Sabrina Fenton, Office of Prosecuting Attorney. Appellee appeared through counsel David Stevens, Office of Public Defender.
SUMMARY
Appellee was charged in Tribal Court on October 15, 2012, with Battery-Domestic Violence. On February 14, 2013, the Trial Court entered an Agreed Order Staying case for Peacemaking. On May 17, 2013, a status hearing was held at which time the prosecutor asked the matter be dismissed without prejudice as the Appellee had successfully completed Peacemaking. The Public Defender wanted the case closed as did four members of the Peacemakers Circle who were present at the hearing. The Trial Judge said she would leave the matter open for two week unless counsel agreed to a joint motion prior to the deadline. On May 23, 2013, the parties filed an agreed motion to dismiss without prejudice. On May 30, 2013, the Trial Court issued a Memorandum Opinion and Order dismissing the matter with prejudice.
ISSUE
Did the Trial Court abuse its discretion by dismissing the matter with prejudice?
STANDARD OF REVIEW
The issue before this court is a question of law which we review de novo. Naff v. CCT, 2 CCCAR 50, 2 CTCR 08, 22 ILR 6032 (1995).
DISCUSSION
This Court has dealt with this issue before. In CCT v. Swan, 7 CCAR 38 *39 (2003), the court stated a dismissal with prejudice should be entered only when the merits of the case have been heard by the court.” In Campbell v. CCT, 8 CCAR 28, 4 CTCR 22, 32 ILR 6140, 2005 WL 6462800 (2005), we recognized that the Trial Court relied on Swan without looking at our other eases regarding dismissals. We referred to CCT v. Jack, 7 CCAR 33, 4 CTCR 11, 31 ILR 3023, 2003 WL 25907718 (2005) and Stensgar v. CCT, 2 CCAR 20, 1 CTCR 76, 20 ILR 6151 (1993), regarding some factors to consider, such as: length of delay, cause of delay, whether the defendant timely asserted his rights, potential prejudice to the defendant, whether jeopardy has attached, and if a party has acted in bad faith. A concern in Swan was that the trial judge did not set out his reasoning for dismissal with prejudice. In Campbell, supra, we adopted as guidelines for future analysis of dismissal with or without prejudice the standard in U.S. v. Taylor, 487 U.S. 326, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988), that is the court should consider all relevant public and private interest factors and balance the factors reasonably. Campbell at 30, 2005 WL 6462800, at *2.
Here the trial judge made a clear balancing of private and public interests and found both favored dismissal with prejudice. Further, there existed a stated purpose of traditional cultural disposition as expressed by the peacemakers. Such a consideration is culturally appropriate and relevant. CTC 5-5-57.
CONCLUSION
There was no abuse of discretion by the trial judge, and the dismissal with prejudice, as a matter of law, was appropriate. Since both parties were heard at the May 17th hearing, the matter of a further hearing is moot. The Trial Court Order dismissing with prejudice is Affirmed. This matter is remanded to the trial court for action consistent with this Order.